## CRAMER v. TITTEL et al.*

### No. 11,723; April 22, 1889.

#### 21 Pac. 750.

**Appeal—Brief Stricken Out for Impropriety.**—Respondent's brief, after charging the commission of perjury by appellant in his answer, as to a fact alleged to be within his attorney's knowledge, continued: "When counsel can be permitted to draft pleadings and present them to their clients for verification, and the pleadings being drawn from facts within the knowledge of counsel, and the counsel causes his client to willfully commit perjury," etc. Held, a gross violation of professional ethics, and that the brief should be stricken out, with permission to file another within ten days, or the judgment would be reversed without an inspection of the record.

APPEAL from Superior Court, City and County of San Francisco; J. G. Maguire, Judge.

Action by Cramer against Tittel and another. Defendants appeal.

Robert Ash, John H. Boalt, Hall & Rodgers and Van Ness & Roche for appellants; J. J. Coffey and W. H. Tompkins for respondent.

PATERSON, J.—Counsel for respondent concludes his written argument with the following peroration: "Let the case be reviewed. The complaint charges notice of assignment to Huber and Tittel, and to Mr. Ash, their attorney, before this action of Cramer v. Tittel; yet in the face of the verified complaint, the evidence of Tittel, Huber, Nobman, Hartman and Hoffman, and answers drawn by Mr. Ash, as attorney, and without any reservation, B. Ernest Tittel, under the solemnity of an oath, adds another crime to the rascality he had practiced on Lichtnock by committing willful perjury in denying that they, or either of them, knew, or had any notice whatever, that Cramer was the assignee. When counsel can be permitted to draft pleadings and present them to their clients for verification, and the pleadings being drawn

*For subsequent opinion, see 79 Cal. 332, 21 Pac. 750.

from facts within the knowledge of counsel, and the counsel causes his client to willfully commit perjury by an utter disregard of the solemnities of the obligation of an oath, the time has come when perjury can be placed at a premium, and too designing and artful practitioners, assisted with clients of elastic consciences, will be found ready to swear to any fact essential to obtain the end sought. Respondent's counsel has been extremely careful to present this case as disclosed by the record, with page of same, seeing from the brief of counsel for the appellant an evident desire on his part to misstate both the law and the facts, and thereby try to mislead the court." Counsel forgets that this is not an action against the defendants for perjury, nor against their attorney for subornation of perjury, or for disbarment. Such charges should be made only under oath, and in the proper court. Placing them in a brief for the records of this court is a gross violation of professional ethics. The brief for respondent is stricken out, with permission to file another brief within ten days, or the judgment will be reversed without an inspection of the record.

We concur: Beatty, C. J.; McFarland, J.